UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20153-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE LOPEZ SOLIS,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON
MOTION TO DISMISS INDICTMENT**

This matter is before the Court on Defendant Jose Lopez Solis' Motion to Dismiss the Indictment. [D.E. 22].[1] Defendant moves to dismiss the indictment charging him with illegal reentry under 8 U.S.C. §§ 1326(a) and (b)(1) on the ground that the predicate removal proceedings did not meet the due process requirements necessary to establish a violation of 8 U.S.C. § 1326(a)(2). Having carefully considered Defendant's motion and the related filings, and being fully advised in the premises, the Court recommends that Defendant's motion to dismiss be Denied for the reasons discussed below.

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore. [D.E. 13].

## I.  *FACTUAL FINDINGS*[2]

Defendant is a citizen of Mexico who entered the United States illegally in the mid-to-late 1970s or early 1980's. He became a lawful permanent resident on February 28, 1984.

Between the years 1981 and 1997, Defendant was convicted several times of driving under the influence ("DUI") in violation of Florida's DUI statute, Fla. Stat. § 316.193. His last two DUI convictions (dated September 15, 1989 and June 9, 1997) were felony DUIs pursuant to this statute.[3]

In August 1997, the former Immigration and Naturalization Service ("INS") commenced deportation proceedings against Defendant. The INS alleged in relevant part that Defendant was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) [D.E. 22-2 at 1] which provides for the deportation of any alien "convicted of an aggravated felony at any time after admission."

On January 5, 1998, Defendant appeared *pro se* at his removal hearing. The immigration judge ("IJ") determined that the two felony DUI convictions noted above were crimes of violence/aggravated felonies for purposes of U.S. immigration laws and that "the law requires me to" order Defendant's removal. [D.E. 22-1 at 7-8]. The IJ informed Defendant that he had "the right to appeal [the deportation order] to a higher

---

[2]   The background facts are not in dispute.

[3]   The version of the statute then in effect provided that any person convicted of a fourth or subsequent DUI was guilty of a third degree felony. *See* Fla. Stat. § 316.193(2)(b) (1997).

2

court," then provided information and forms to Defendant so he could file an appeal with the Board of Immigration Appeals ("BIA"). [*Id.* at 8-10]. The IJ did not specifically advise Defendant during the removal hearing that he had a right to judicial review in federal court.

Defendant thereafter appealed *pro se* to the BIA. He argued that felony DUI convictions were not crimes of violence/aggravated felonies and could not subject him to removal. [D.E. 22-2 at 3]. The BIA issued a written decision on July 14, 1998, affirming the IJ and dismissing Defendant's appeal. [*Id.* at 4-5]. The decision did not specifically advise Defendant that he had a right to judicial review in federal court.

Defendant was deported on August 19, 1998.

On January 28, 2012, Defendant was arrested while seeking entry into the U.S. at the Miami airport. On March 6, 2012, Defendant was indicted for Reentry of Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1). [D.E. 8].

Defendant then filed this motion to dismiss the indictment. He argues that the underlying deportation order on which the illegal reentry charge is based is invalid because the deportation proceedings were fundamentally unfair. He contends that his right to due process under the Fifth Amendment was violated because the IJ and the BIA did not advise him of his right to judicial review of the deportation order. He further contends that entry of the deportation order was fundamentally unfair because, contrary to the position taken by the IJ and BIA in 1998, the Supreme Court ruled in 2004 that felony DUI convictions are *not* crimes of violence/aggravated felonies for removal purposes. *See Leocal v. Ashcroft*, 543 U.S. 1 (2004).

3

## *II.   ANALYSIS*

A defendant may collaterally attack the validity of his underlying deportation order in a prosecution for illegal reentry under § 1326. In *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987), the Supreme Court explained that an alien must be permitted to collaterally challenge the use of a deportation proceeding as an element of a criminal offense where the deportation proceeding effectively eliminates the alien's right to obtain judicial review. *See also, United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002). To maintain a collateral attack, a defendant must demonstrate that: (1) he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d) (codifying the holding of *Mendoza-Lopez*).

The parties agree that Defendant exhausted his administrative remedies by appealing the issue of whether a felony DUI constitutes a crime of violence/aggravated felony to the BIA. He thereby satisfied the first requirement for a collateral attack on a deportation order.

Defendant asserts that he has met the second requirement for collateral review as well. He claims that he was improperly deprived of the opportunity for judicial review because neither the IJ nor the BIA advised that he had a right to judicial review in federal court. For support, Defendant cites *United States v. Santos-Vanegas*, 878

4

F.2d 247, 251 (8th Cir. 1989), in which the Eighth Circuit concluded that *Mendoza-Lopez* "establishe[d] an affirmative obligation on the government to advise an alien effectively of his or her right to judicial review of deportation proceedings if the government wants to use the deportation later to prove a criminal offense." Defendant contends that the IJ's and BIA's failure to inform him that he could seek judicial review violated his due process right.

There is a split in the circuits as to whether immigration officials have an affirmative obligation to advise aliens in removal proceedings of their right to review in federal courts, and the Eleventh Circuit has yet to decide the question. *See United States v. Vasquez-Montalban*, 263 Fed. Appx. 822, 824 (11th Cir. 2008) (declining to decide this precise issue because the defendant failed to carry his burden to show he was not informed of his right to judicial review where the record reflected that the IJ told the defendant he had a right to appeal to a higher court; the defendant twice received written notice of his appeal rights; and the defendant was represented by counsel throughout the immigration proceedings). The Second, Sixth, and Ninth Circuits have taken a position contrary to the Eighth Circuit's, each holding that immigration officials do not have an affirmative obligation to advise aliens of the availability of judicial review.

In *United States v. Lopez*, for instance, the Second Circuit concluded that "there is no stand-alone right to notice of the availability of judicial review[.]" 445 F.3d 90, 96 (2nd Cir. 2006). The court rejected a defendant's claim that his due process rights were violated "merely because the IJ and the BIA failed to inform him about the

5

availability of habeas review." *Id.* The court recognized the principle that, "where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively the element of a criminal offense." *Id.* at 95 (quoting *Mendoza-Lopez*, 481 U.S. at 838). Nevertheless, the *Lopez* court concluded, "[n]othing in *Mendoza-Lopez* . . . indicates that this principle requires a right to notice about the availability of judicial review." *Id.*

Given how drastic a measure deportation is ("at times the equivalent of banishment or exile"), the court suggested that receipt of a final order of deportation "ordinarily would put an alien on notice to look for remedies for that order." *Id.* (internal citations omitted). The right to petition for habeas relief from an order of deportation is provided by statute, *see* 28 U.S.C. § 2241, and "where judicial remedies are readily available in case law and statutes, due process is not offended where no notice of those remedies is provided." *Id.* at 95-96. This is so even though "the administrative nature of the removal proceedings may not lead an alien to look outside the administrative arena for relief." *Id.* at 96.

The Ninth and Sixth Circuits have also held that immigration officials do not have an affirmative obligation to advise aliens of the entire appeal process. In *United States v. Mendoza-Martinez*, 117 F.3d 1426, at *1 (9th Cir. 1997), the court concluded that the IJ's failure to inform a defendant of his right to judicial review did not constitute a procedural defect in the deportation proceeding. "[T]he IJ clearly advised

6

Mendoza-Martinez of his right to appeal to the BIA and inquired if he understood that right. After answering affirmatively, Mendoza-Martinez ultimately filed an appeal. Thus, no procedural defect occurred as review of the proceeding was not foreclosed." *Id.* (internal citation omitted). The court distinguished the facts in the case before it from a situation in which an alien's waiver of his right to appeal to the BIA was involuntary, thereby creating an implicit involuntary waiver of all subsequent stages of the appeal process and foreclosing the possibility of judicial review of the deportation proceeding. *Id.*

Similarly, in *United States v. Escobar-Garcia*, 893 F.2d 124, 126 (6th Cir. 1990), the Sixth Circuit found that *Mendoza-Lopez* did not mandate that an IJ advise an alien of a right to a "judicial appeal." The court rejected a defendant's argument that he was denied procedural due process merely because the IJ generally informed him of a "right to appeal" at the conclusion of the deportation hearings rather than of a right to a "judicial review" of the deportation decisions. *Id.* The court found the IJ's explanation that the defendant had a right to appeal the deportation order satisfied *Mendoza-Lopez* and provided the defendant with due process of notice of his appellate rights. *Id.* (distinguishing the case from *Mendoza-Lopez* which involved a fundamentally unfair administrative proceeding, something the defendant in *Escobar-Garcia* had not even alleged).

We follow *Lopez, Mendoza-Martinez*, and *Escobar-Garcia* and conclude that due process was not violated by the immigration officials' failure to affirmatively advise Defendant that he had a right to seek judicial review of his deportation order. The IJ

7

informed Defendant that he could appeal to the BIA, and he did. After the BIA dismissed the appeal, judicial review of the deportation proceedings was available even though Defendant did not pursue that course of action. Defendant does not claim that immigration officials misadvised or misled him, or that there was any procedural bar or other impediment to his seeking judicial review. Clearly, then, judicial review was not foreclosed.[4] Consequently, Defendant cannot show that the deportation proceedings "improperly deprived him of the opportunity for judicial review" as required by § 1326(d)(2).

We note that this case differs significantly from *Mendoza-Lopez*. There, the government *conceded* that the underlying deportation hearing had violated the defendants' rights to due process and therefore was fundamentally unfair. 481 U.S. at 839. The Court necessarily accepted the legal conclusions of the lower court that the deportation hearing violated due process and amounted to a complete deprivation of judicial review of the deportation determination. *Id.* at 840. There is no such concession by the government in our case, of course. Moreover, we see nothing in this record to suggest that Defendant's deportation proceedings were fundamentally flawed.

---

[4] By way of practical analogy, there is no absolute due process requirement that a district court advise each criminal defendant that he may appeal to the circuit court, seek certiorari review in the Supreme Court, then petition for habeas relief. Surely procedural due process does not impose on an immigration judge the obligation to advise a defendant of every possible avenue of review in every available forum, so long as a defendant is made aware that appellate remedies are available to him, as was done in this case.

Because Defendant did not show that he was deprived of the opportunity for judicial review, he has not sustained his burden under § 1326(d) and his collateral attack on the deportation order fails. *See, e.g., Vasquez-Montalban*, 263 Fed. Appx. at 825-26 (where the defendant failed to show he was deprived of an opportunity for judicial review, the fact that the immigration officials' legal conclusions that DUI was an aggravated felony "are now legally erroneous under the 2004 *Leocal* decision does not mean [Defendant] was deprived of judicial review. As already discussed, [he] could have petitioned for judicial review of that erroneous legal conclusion, but failed to do so."); *United States v. Rivera-Neveraz*, 418 F.3d 1104, 1107, 1111 (10th Cir. 2005) (recognizing that *Leocal* was retroactively applicable to the time of the defendant's removal hearing but because the defendant had not satisfied the requirements of § 1326(d) by showing he was deprived of the opportunity for judicial review, his collateral attack on the deportation order was precluded). Consequently, the motion to dismiss the indictment for illegal reentry should be denied.

### III.   CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge does hereby **RECOMMEND** that Defendant Jose Lopez Solis' Motion to Dismiss the Indictment [D.E. 22] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to expedite any objections based upon the imminent trial date. The parties shall thus have until May 3, 2012, at 12:00 p.m., to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file

objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 30th day of April, 2012.

 /s/ *Edwin G. Torres*  
EDWIN G. TORRES  
United States Magistrate Judge